65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Desmond CORR, Plaintiff-Appellant,
v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellee.
 No. 94-16918.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 1
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Desmond Corr appeals pro se from the judgment entered in favor of defendant in Corr's civil rights action against the city and county of Honolulu. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Corr raises three issues on appeal: "perjurious police testimony, falsifying evidence, and destroying evidence." He fails, however, to present any facts or legal arguments that suggest the district court made any improper rulings, or that the jury's verdict was against the weight of the evidence. Although we liberally construe pro se appellate briefs, Corr's brief is completely void of the information necessary for us to determine whether there are grounds for reversal. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 698-99 (9th Cir.1990) (pro se appellate briefs liberally construed, particularly if civil rights claim involved).
 
 
 5
 Federal Rule of Appellate Procedure 28(a)(6) provides that appellant's brief "must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Because Corr's brief does not comport with the requirements of Rule 28, the issues he raises are deemed abandoned. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993) (holding, in pro se appeal, that claims not supported by argument are deemed abandoned unless failure to consider the claims would result in manifest injustice.)
 
 
 6
 Moreover, to the extent that we could construe Corr's brief to claim that the verdict was contrary to the weight of the evidence, the issue was not raised in a motion for a directed verdict, limiting our review to plain error. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) ("It is thoroughly established that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in trial court.") (internal quotations omitted); Sloman v. Tadlock, 21 F.3d 1462, 1473 (9th Cir.1994) (court may review for plain error when no motion for directed verdict is made). We are unable to review for plain error, however, because Corr has not provided us with a transcript. See Federal Rule of Appellate Procedure 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (dismissing appeal for failure to provide transcript where transcript was necessary to evaluate appellant's contentions on appeal).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3